ACCEPTED
15-24-00117-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 9:50 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/28/2025 9:50:23 AM
CHRISTOPHER A. PRINE
Clerk

No. 15-24-00117-CV

Fifteenth Court of Appeals
Austin, Texas

# Nariocan Enterprises LLC d/b/a Cantu's Pharmacy, *Appellant,*

## v.

# Texas Health and Human Services Commission, *Appellee*

On appeal from the 98th District Court of Travis County, Texas

## APPELLANT'S AMENDED BRIEF

Michael Pruneda
State Bar No. 24025601
michael@michaelpruneda.com
THE PRUNEDA LAW FIRM, PLLC
P.O. Box 1664
Pharr, Texas 78577
p. 956.702.9675

Ricardo Pumarejo Jr.
State Bar No. 24056168
ricardo@pumarejolaw.com
PUMAREJO LAW
1606 W. 42nd Street
Austin, Texas 78756
p. 512.731.7869

*Counsel for Appellant*

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Nariocan Enterprises LLC d/b/a Cantu's Pharmacy, *Appellant* | Michael Pruneda<br>State Bar No. 24025601<br>michael@michaelpruneda.com<br>THE PRUNEDA LAW FIRM, PLLC<br>P.O. Box 1664<br>Pharr, Texas 78577<br>p. 956.702.9675<br>*Trial & Appellate Counsel*<br><br>Ricardo Pumarejo Jr.<br>State Bar No. 24056168<br>ricardo@pumarejolaw.com<br>PUMAREJO LAW<br>1606 W. 42nd Street<br>Austin, Texas 78756<br>p. 512.731.7869<br>*Trial & Appellate Counsel* |
| Texas Health and Human Services Commission, *Appellee* | Sherlyn Harper<br>State Bar No. 24093176<br>sherlyn.harper@oag.texas.gov<br>Tiffani N. Collins<br>State Bar No. 24067550<br>tiffani.collins@oag.texas.gov<br>Assistant Attorney General<br>Administrative Law Division<br>OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>808 Travis Street #1520<br>Houston, Texas 77002<br>p. 713.225.8913<br>*Trial & Appellate Counsel* |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................2

INDEX OF AUTHORITIES ................................................................................4

RECORD REFERENCES.....................................................................................6

STATEMENT REGARDING ORAL ARGUMENT ..........................................................7

STATEMENT OF THE CASE................................................................................8

ISSUES PRESENTED ........................................................................................9

STATEMENT OF FACTS...................................................................................10

SUMMARY OF THE ARGUMENT ........................................................................12

ARGUMENT ................................................................................................13

    I.      The trial court erred in granting the Commission's plea to the jurisdiction.................................................................................13

    II.     The trial court abused its discretion by not permitting Nariocan to obtain jurisdictional discovery. ...........................................19

    III.   To the extent the Court holds that the Commission was entitled to dismissal of Nariocan's claims, the Court should nonetheless hold that the trial court erred in dismissing the claims "with prejudice."..............................................................20

PRAYER......................................................................................................22

CERTIFICATE OF COMPLIANCE.........................................................................24

APPENDIX ..................................................................................................25

# INDEX OF AUTHORITIES

**Case Law**

*Ambrose v. City of Brownsville*, No. 13-15-00039-CV, 2016 WL 1732194 (Tex. App.—Corpus Christi Apr. 28, 2016, no pet.) (mem. op.)......................................................................................14

*Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82 (Tex. 2023)......................................13

*City of Richardson v. Bowman*, 555 S.W.3d 670 (Tex. App.—Dallas 2018, pet. denied)..................................................................15

*Consol. Towne E. Holdings, LLC v. City of Laredo*, 675 S.W.3d 65 (Tex. App.—San Antonio 2023, no pet.) ...............................................21

*EWB-I PlazAmericas Mall Tex., LLC*, 527 S.W.3d 447 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)......................................................22

*Hall v. City of Jersey Village*, No. 01-22-00452-CV, 2023 WL 3873351 (Tex. App.—Houston [1st. Dist.] June 8, 2023, no pet.) (mem. op.)......................................................................................19

*Health and Human Servs. Comm'n v. Navarro*, No. 15-24-00054-CV, 2024 WL 4984183 (Tex. App.—Austin [15th Dist.] Dec. 3, 2024, no pet.) (mem. op.) ...................................................13

*Holmes v. S. Methodist Univ.*, No. 05-15-01001-CV, 2016 WL 3085718 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op.)......................................................................................19

*Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 905 (11th Cir. 2023) ...............................................................................16

*Moers v. Harris Cnty. Appraisal Dist.*, 469 S.W.3d 655 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)........................................21

*Muth v. Voe*, 691 S.W.3d 93 (Tex. App.—Austin 2024, pet. filed)..............................................................................................15

*Richardson v. State Farm Lloyds Ins.*, No. 2-04-072-CV, 2007 WL 1018651 (Tex. App.—Fort Worth Apr. 5, 2007, pet. denied) (mem. op.)......................................................................................22

*Save Our Springs All. v. City of Austin*, 149 S.W.3d 674 (Tex. App.—Austin 2004, no pet.) .................................................................22

*Scarborough v. Metro Transit Auth. of Harris Cnty.*, 326 S.W.3d 324 (Tex. App.—Houston [1st Dist.] 2010, pet. denied)..............................................22

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212 (Tex. 2002) .......................................................................................................21

**Miscellaneous**

Eleventh Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 88 Fed. Reg. 30769 (May 12, 2023) .............................................................................. 16-17

42 U.S.C. 247d-6d..........................................................................17

Fifth Amendment to Declaration Under the Public Readiness & Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 88 Fed. Reg. 7872-2 (Feb. 2, 2021) ....................................18

Tex. Const. art. I, § 19.....................................................................14

TEX. GOV'T CODE § 2001.038 ..............................................................18

## RECORD REFERENCES

A citation to "CR" refers to the clerk's record. A citation to "RR" refers to the reporter's record. A number proceeding "CR" or "RR" refers to a page number therein.

## STATEMENT ON ORAL ARGUMENT

Oral argument should not be granted because it would not significantly aid the Court in deciding this case; there are no complicated legal issues presented in this appeal; the issues presented have been authoritatively decided; and it would not provide a more complete understanding of the facts presented in this appeal.

## STATEMENT OF THE CASE

Nariocan Enterprises LLC d/b/a Cantu's Pharmacy ("Nariocan") filed suit against the Texas Health and Human Services Commission ("the Commission"), wherein it alleged a constitutional due process violation for which equitable and declaratory relief was sought. CR:144. The suit was assigned to the 98th District Court of Travis County. *Id.* The Commission filed a plea to the jurisdiction, whereby it sought dismissal of the entire suit. CR:15, 152. The Honorable Judge Jan Soifer signed an order granting the plea. CR:348. Nariocan then timely filed its notice of appeal. CR:353.

## ISSUES PRESENTED

Issue 1: Did the trial court err in granting the Commission's plea to the jurisdiction?

Issue 2: Did the trial court abuse its discretion by not allowing any jurisdictional discovery prior to the ruling to the plea to the jurisdiction?

Issue 3: Did the trial court err in dismissing Nariocan's claims with prejudice rather than without prejudice?

This appeal arises from a dispute between Nariocan Enterprises LLC d/b/a Cantu's Pharmacy ("Nariocan") and the Texas Health and Human Services Commission ("the Commission") concerning an administrative review and investigation into professional and occupational activities. CR:4-8, 144-49, 262-66, 289-90. Nariocan is a Texas-based pharmacy providing services to Medicaid beneficiaries in compliance with the Texas Medicaid Provider Procedures Manual ("TMPPM"). CR:15, 144, 264.

The controversy began when the Commission conducted an administrative review of Nariocan's claims for reimbursement related to COVID-19 at-home test kits. CR:231-35. The Commission asserted that, "[i]n 10,576 instances," Nariocan violated new TMPPM guidelines by "bill[ing] the Medicaid program for COVID-19 At-home Test Kits refills that were not supported by a physician's prescription." CR:247 (bold and underline omitted); CR:145-46, 265, 285. This later resulted in Nariocan having to produce records to the Commission and in meetings between the parties' representatives. CR:145-46.

Nariocan filed its original petition on February 14, 2024, seeking declaratory and injunctive relief. CR:4. It argued that the Commission failed to provide adequate notice of TMPPM policy changes and that the Commission's actions were preempted by federal law under the Public Readiness and

Emergency Preparedness Act ("PREP Act"). CR:4, 144, 231. Nariocan also challenged the sufficiency of the Commission's notice procedures and alleged that the Commission exceeded its statutory authority by seeking to enforce the alleged policy changes without following proper administrative procedures. *Id.*

The Commission responded by filing a plea to the jurisdiction, wherein it argued that Nariocan's claims were not ripe, that Nariocan had not exhausted its administrative remedies, and that the Commission was protected by sovereign immunity. CR:15, 152. On July 30, 2024, the trial court granted the Commission's plea to the jurisdiction and dismissed Nariocan's claims with prejudice. CR:348. Nariocan then filed a motion to modify judgment to argue that any dismissal should have been without prejudice, but that motion was denied in October 2024. CR:349, 368; Appx at Tab 2. Nariocan then filed a notice of appeal. CR:353.

## SUMMARY OF THE ARGUMENT

The trial court erred in granting the plea the jurisdiction because the Commission did not have immunity from Nariocan's constitutional due process claim or its declaratory action. Nariocan's constitutional due process claim is proper because (1) it is limited to seeking only equitable relief; (2) it is ripe in that Nariocan is alleging the active sustainment of injuries from the Commission's investigation; and (3) it is not subject to an exhaustion-of-administrative-remedies requirement due to the nature of the constitutional challenge it presents. *Infra* pp. 12-15. As for Nariocan's related declaratory action, that claim is proper because it properly falls within § 2001.038 of the Administrative Procedure Act. *Infra* pp. 15.

To the extent the Court holds that the trial court's ruling on the plea to the jurisdiction turns on the constitutionality of the Commission's legal basis for determining that Nariocan improperly refilled COVID-19 test kits that were not supported by a physician's prescription, the Court should hold that the trial court abused its discretion in denying Nariocan the opportunity to conduct related jurisdictional discovery.

In the event the Court holds that the Commission was entitled to dismissal of Nariocan's claims, the Court should still conclude that the trial court erred by dismissing the claims "with prejudice" rather than "without prejudice." *Infra* pp. 15-17.

## ARGUMENT

## I. The trial court erred in granting the Commission's plea to the jurisdiction.

"Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction." *Christ v. Tex. Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). An appellate court reviews a trial court's ruling on a plea to the jurisdiction de novo. *Health and Human Servs. Comm'n v. Navarro*, No. 15-24-00054-CV, 2024 WL 4984183, at *2 (Tex. App.—Austin [15th Dist.] Dec. 3, 2024, no pet.) (mem. op.). Sovereign immunity encompasses two distinct principles: immunity from suit and immunity from liability. *Id.* In its plea to the jurisdiction, the Commission raised only immunity from suit, which prohibits suits against the State unless the State expressly consents to the suit. *Id.* Such consent must ordinarily be found in a constitutional provision or legislative enactment. *Id.*

A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.* For a plea that challenges the pleadings, an appellate court must determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id.* In suits against a state entity, the plaintiff has the burden to prove that the pled facts, if true, affirmatively demonstrate that sovereign immunity either is inapplicable or has been waived. *Id.* A plea will be sustained if the face of the pleadings affirmatively demonstrates

incurable defects of jurisdiction, even if the allegations in the plaintiff's pleadings are taken as true. *Id.*

In Nariocan's live pleading, it raised a constitutional claim alleging a due process violation under the Texas Constitution, for which equitable and declaratory relief was sought. CR:144. Article I, § 19 of the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. "[A] trial court is without subject-matter jurisdiction when a plaintiff brings a due process claim requesting monetary damages" because "the due process provisions of the Texas Constitution do not provide a cause of action for damages, but only for direct claims seeking equitable relief." *Ambrose v. City of Brownsville*, No. 13-15-00039-CV, 2016 WL 1732194, at *2 (Tex. App.—Corpus Christi Apr. 28, 2016, no pet.) (mem. op.). Here, Nariocan's did not request monetary damages in connection with its constitutional due-process claim, but instead merely sought "any and all equitable relief as allowed by law and the Texas Constitution." CR:148.

Nariocan has asserted that it was subjected to an intrusive investigation that is improperly predicated on an uncodified, federally-preempted policy change. CR:159, 216-28, 231-39. Though the Commission asserts that Nariocan's claims are premature because its investigation allegedly remains ongoing, Nariocan has asserted that it is being directly harmed by the

investigation itself. CR:335 ("Defendant THHSC conducted an investigation, obtained Plaintiff's files, interviewed witnesses, and issued its findings to obtain money for overpayments. These actions threatened Plaintiff's livelihood and occupation forcing it to engage legal representation."). The constitutional due-process claim is thus ripe. *See Muth v. Voe*, 691 S.W.3d 93, 123-27 (Tex. App.—Austin 2024, pet. filed) (holding that plaintiffs' due process claim complaining of incomplete investigation was ripe where injury from investigation was asserted). Furthermore, though the Commission contends that it has an ongoing investigation and thus no final determination has been made, that contention is at odds with the Commission's January 30, 2024 letter to Nariocan. CR:247. In that letter, the Commission expresses its determination that "[i]n 10,576 instances, [Nariocan] billed the Medicaid program for COVID-19 At-home Test Kits refills that were not supported by a physician's prescription," and states therein that the goal now "is to work with providers to . . . recover overpayments[.]" CR:247-48.

The Commission's contention that Nariocan is required to exhaust administrative remedies should similarly be rejected because the "exhaustion of administrative remedies is not required . . . [where] the constitutional challenges raise pure questions of law that are outside the jurisdiction of the administrative hearing officer." *City of Richardson v. Bowman*, 555 S.W.3d 670, 686 (Tex. App.—Dallas 2018, pet. denied). Further, "[t]he supreme court has held that

administrative agencies lack the ultimate power of constitutional construction." *Id.* Here, Nariocan is posing a constitutional challenge (predicated on the PREP Act's federal preemption) to the policy change underlying the Commission's investigation, which is a challenge that raises a pure question of law. As such, Nariocan's claims should not be dismissed on the alleged basis that administrative remedies have not been exhausted.

To be sure, the Commission's grounds for investigating Nariocan support a determination that the investigation is preempted by the PREP Act. CR:236-37.

> In the early days of the Covid-19 pandemic, both State and Federal governments partnered with private citizens and businesses to "Stop the Spread" of the virus. The government invested billions of dollars in the research, development, and production of tests to detect existing infections and vaccines to arrest the prevalence of future infections. Thousands of businesses, schools, hospitals, and community organizations across the nation mobilized to distribute tests and vaccines to millions of people. To encourage voluntary participation in the distribution of these countermeasures, the Secretary of Health and Human Services (HHS) invoked the Public Readiness and Emergency Preparedness Act (PREP Act), to provide legal immunity for the individuals and organizations who provided these countermeasures to the public.

*Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 905 (11th Cir. 2023).

On May 12, 2023, the U.S. Secretary of Health and Human Services ("the Secretary") issued an amendment to the PREP Act ("the Eleventh Amendment"). CR:251-60. *See* Eleventh Amendment to Declaration Under the Public Readiness and Emergency Preparedness Act for Medical

Countermeasures Against COVID-19, 88 Fed. Reg. 30769 (May 12, 2023). In the

Eleventh Amendment—which defines "Covered Countermeasures" to include

any device used to diagnose COVID-19, *see id.* at 30774—the Secretary states as

follows:

> I am also amending section VII of the Declaration to extend the time period of PREP Act coverage through December 31, 2024 to Qualified Persons who are licensed pharmacists to order and administer . . . Covered Countermeasures that are COVID-19 vaccines, and COVID-19 tests regardless of . . . any federal, regional, state or local emergency Declaration or other limitations on distribution stated in section VII of the Declaration. Extending the time period for PREP Act coverage to licensed pharmacists . . . allows for continued access by the recipient Population to Covered Countermeasures that are COVID-19 vaccines . . . and COVID-19 tests.
>
> . . . .
>
> As qualified persons, these licensed pharmacists . . . will be afforded liability protections in accordance with the PREP Act and the terms of this amended Declaration. *To the extent that any State law would otherwise prohibit these healthcare professionals who are a "qualified person" from prescribing, dispensing, or administering "Covered Countermeasures" that are . . . COVID-19 tests, such law is preempted.*

*Id.* at 30770-71 (emphasis added); *see* 42 U.S.C. 247d-6d(b)(8) ("During the

effective period of a declaration . . . no State or political subdivision of a State

may establish, enforce, or continue in effect with respect to a covered

countermeasure any provision of law or legal requirement that . . . (A) is different

from, or is in conflict with, any requirement applicable under this section; and

17

(B) relates to the . . . distribution, sale, . . . prescribing, dispensing, or administration by qualified persons of the covered countermeasure[.]").

The state law driving the Commission's investigation and underlying the Commission's findings in the January 30, 2024 letter (CR:247) is expressly preempted by the PREP Act and the Eleventh Amendment—for that law is inconsistent with the professional authorities that federal law has bestowed upon Nariocan and other pharmacies as it relates to COVID-19 at-home test kits. *See Fifth Amendment to Declaration Under the Public Readiness & Emergency Preparedness Act for Medical Countermeasures Against COVID-19*, 88 Fed. Reg. 7872-2 (Feb. 2, 2021) ("The plain language of the PREP Act makes clear that there is complete preemption of state law as described above.").

Lastly, in connection with its constitutional due process claim, Nariocan sought to have the trial court "affirmatively declare its rights" with respect to the policy change on which the Commission's investigation rests. CR:147-48, 180. In doing so, Nariocan invoked section 2001.038 of the Administrative Procedure Act ("APA"), which authorizes "an action for declaratory judgment against a state agency (here, the Commission) to determine "[t]he validity or applicability of a rule . . . if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE § 2001.038(a), (c). Here, Nariocan was asking the trial court to determine the validity of a rule—namely, the limitation placed

on COVID-19 at-home test kits (CR:244)—that the Commission was actively threatening to apply against Nariocan, which in turn threatened Nariocan's legal right to obtain and retain compensation for Medicaid-covered services.

For all these reasons, the Court should hold that the Commission was not entitled to dismissal of Nariocan's constitutional due process claim and declaratory action.

## II. The trial court abused its discretion by not permitting Nariocan to obtain jurisdictional discovery.

"Courts may limit discovery pending resolution of threshold issues, such as jurisdiction." *Holmes v. S. Methodist Univ.*, No. 05-15-01001-CV, 2016 WL 3085718, at *4 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op.). A trial court's refusal to allow any jurisdictional discovery is reviewable on appeal of a final order granting a plea to the jurisdiction. *See, e.g., Hall v. City of Jersey Village*, No. 01-22-00452-CV, 2023 WL 3873351, at *6-9 (Tex. App.—Houston [1st. Dist.] June 8, 2023, no pet.) (mem. op.) (holding trial court abused its discretion in precluding appellant from taking any discovery prior to issuance of order granting defendant's plea to the jurisdiction).

After being served with requests for admission, interrogatories, and requests for production, the Commission filed a motion to stay all discovery pending the trial court's ruling on the plea to the jurisdiction, which the trial court granted over Nariocan's opposition. CR:39, 158, 215. To the extent the Court

19

holds that the trial court's ruling on the plea to the jurisdiction turns on the constitutionality of the Commission's legal basis for determining that Nariocan's professional activities were in any way unlawful, the Court should hold that the trial court abused its discretion in denying Nariocan the opportunity to conduct related jurisdictional discovery, which consists of requests for admissions numbered 25 to 30; interrogatories numbered 5 and 6; and requests for production numbered 1 and 9. CR:203-04, 207-08, 210-11. Upon holding as such, the Court should vacate the order granting the plea to the jurisdiction and remand this matter to the trial court for further proceedings consistent with the Court's opinion.

III. **To the extent the Court holds that the Commission was entitled to dismissal of Nariocan's claims, the Court should nonetheless hold that the trial court erred in dismissing the claims "with prejudice."**

After the Commission's plea to the jurisdiction was granted, Nariocan filed a motion to modify judgment on the basis that the Commission was, at most, only entitled to dismissal "without prejudice" rather than "with prejudice." CR:349. This motion was denied. CR:368; Appx at Tab 2.

In the plea to the jurisdiction, the Commission argued that it was entitled to dismissal on the alleged basis (1) that Nariocan's claims were not ripe; and (2) that Nariocan needed to exhaust administrative remedies. CR:15-27; RR:7-8.

Texas courts have repeatedly recognized that such grounds for dismissal warrant a dismissal without prejudice rather than with prejudice.

- *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) ("Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. But because such dismissal does not implicate the claims' merits, the trial court must dismiss the claims without prejudice." (citations omitted)).

- *Consol. Towne E. Holdings, LLC v. City of Laredo*, 675 S.W.3d 65, 76 (Tex. App.—San Antonio 2023, no pet.) ("[T]he trial court lacks subject matter jurisdiction over the claim and over [the plaintiff's] related requests for declarations, and the trial court properly dismissed those requests. However, because the claim and requests are not ripe, dismissal should have been without prejudice. Accordingly, we modify the trial court's judgment to dismiss [the plaintiff's] regulatory takings claim without prejudice." (citations and footnotes omitted)).

- *Moers v. Harris Cnty. Appraisal Dist.*, 469 S.W.3d 655, 668 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) ("In its plea to the jurisdiction, HCAD moved to dismiss the Moerses' claims for tax year 2012 for lack of subject-matter jurisdiction on the grounds that they failed to exhaust administrative remedies for that year. The trial court dismissed all of the Moerses' claims for tax year 2012 with prejudice. But dismissal for failure to exhaust all administrative remedies does not implicate the claims' merits, and the trial court must dismiss [such] claims without prejudice. We thus conclude that the trial court erred by dismissing the claims with prejudice and modify the trial court's judgment to reflect that the 2012 claims were dismissed without prejudice." (citations, brackets, and internal quotation marks omitted)).

- *Save Our Springs All. v. City of Austin*, 149 S.W.3d 674, 685 (Tex. App.—Austin 2004, no pet.) ("[A] finding that a claim is not ripe results in dismissal without prejudice[.]").

The Commission also argued that jurisdiction was lacking because Nariocan allegedly had no injury and thus lacked standing. RR:6-7. But such an argument—if accepted by the trial court—would only warrant dismissal without prejudice. *See, e.g., EWB-I PlazAmericas Mall Tex., LLC*, 527 S.W.3d 447, 456 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Scarborough v. Metro Transit Auth. of Harris Cnty.*, 326 S.W.3d 324, 339 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Richardson v. State Farm Lloyds Ins.*, No. 2-04-072-CV, 2007 WL 1018651, at *1-2 (Tex. App.—Fort Worth Apr. 5, 2007, pet. denied) (mem. op.).

Accordingly, to the extent the Court holds that the Commission was entitled to dismissal of Nariocan's claims, the Court should nonetheless find that the trial court erred in granting dismissal with prejudice rather than without prejudice.

## PRAYER

For these reasons, Nariocan prays that the Court reverse the order granting the plea to the jurisdiction, render judgment denying the plea to the jurisdiction, and remand this case to the trial court for proceedings consistent with the Court's opinion. Alternatively, Nariocan prays that the Court modify

the order granting the plea to the jurisdiction to reflect a dismissal "without prejudice." Nariocan prays for all other relief to which it has shown itself entitled.

Respectfully submitted,

/s/ **Ricardo Pumarejo Jr.**

Ricardo Pumarejo Jr.
State Bar No. 24056168
ricardo@pumarejolaw.com
PUMAREJO LAW
1606 W. 42nd Street
Austin, Texas 78756
p. 512.731.7869

Michael Pruneda
State Bar No. 24025601
michael@michaelpruneda.com
THE PRUNEDA LAW FIRM, PLLC
P.O. Box 1664
Pharr, Texas 78577
p. 956.702.9675

*Counsel for Appellant*

23

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this petition contains 3,023 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for any footnotes which are in 12.5-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ **Ricardo Pumarejo Jr.**

Ricardo Pumarejo Jr.

| | | |
|---|---|---|
| NARIOCAN ENTERPRISES LLC D/B/A CANTU'S PHARMACY | § § § | IN THE FIFTEENTH |
| V. | § § | COURT OF APPEALS |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION | § § § | AUSTIN, TEXAS |

## APPENDIX

**Tab 1:** Order Granting Defendant's Plea to the Jurisdiction

**Tab 2:** Order Denying Plaintiff's Motion to Modify Judgment

**CAUSE NO. D-1-GN-24-001103**

| | | |
|---|---|---|
| NARIOCAN ENTERPRISE LLC d/b/a Cantu's Pharmacy, | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § § | |
| *Defendant.* | § | 98TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S PLEA TO THE JURISDICTION

On July 30, 2024, the Court heard Defendant Texas Health and Human Services Commission's ("HHSC") Plea to the Jurisdiction. Having considered the above filings and arguments of counsel, the Court finds HHSC's Plea to the Jurisdiction should be granted.

IT IS ORDERED that the HHSC's Plea to the Jurisdiction is GRANTED.

IT IS FURTHER ORDERED that all claims against the HHSC in the above-styled matter are DISMISSED WITH PREJUDICE.

SIGNED on July 30, 2024.

_____
Jan Soifer, Judge Presiding

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 11/26/2024 10:03:34

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

Cause No. D-1-GN-24-001103
Order Granting Plaintiff's PTJ

**Tab 1**

Page 348

**CAUSE NO. D-1-GN-24-001103**

| | | |
|---|---|---|
| **NARIOCAN ENTERPRISE LLC d/b/a** | § | **IN THE DISTRICT COURT** |
| **Cantu's Pharmacy,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **TEXAS HEALTH AND HUMAN** | § | |
| **SERVICES COMMISSION,** | § | |
| *Defendant.* | § | **98TH JUDICIAL DISTRICT** |

## ORDER DENYING PLAINTIFF'S MOTION TO MODIFY JUDGMENT

On October 22, 2024, the Court considered Plaintiff, Nariocan Enterprise LLC d/b/a Cantu's Pharmacy's Motion to Modify Judgment. Having considered the above filing and response by submission, the Court finds Plaintiff's Motion is DENIED.

Signed on October 22, 2024.

_____
Judge Presiding

Cause No. D-1-GN-24-001103
Order Granting Plaintiff's PTJ

**Tab 2**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ricardo Pumarejo on behalf of Ricardo Pumarejo
Bar No. 24056168
ricardo@pumarejolaw.com
Envelope ID: 99004049
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description:
Status as of 3/28/2025 9:58 AM CST

Associated Case Party: Nariocan Enterprises LLC d/b/a Cantu's Pharmacy

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Miguel Pruneda | 24025601 | michael@michaelpruneda.com | 3/28/2025 9:50:23 AM | SENT |
| Ricardo Pumarejo | | ricardo@pumarejolaw.com | 3/28/2025 9:50:23 AM | SENT |

Associated Case Party: Texas Health and Human Services Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Tiffani Collins | 24067550 | Tiffani.Collins@oag.texas.gov | 3/28/2025 9:50:23 AM | SENT |
| Sherlyn Harper | 24093176 | sherlyn.harper@oag.texas.gov | 3/28/2025 9:50:23 AM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 3/28/2025 9:50:23 AM | SENT |